UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NUMBER: 1:11-CV-20853-KING/MCALILEY

RICHARD I. FRIED,

    Plaintiff,

v.

STIEFEL LABORATORIES, INC., et al.,

    Defendants.
_____/

## JOINT MOTION FOR BIFURCATED TRIAL AND INCORPORATED MEMORANDUM OF LAW

    Pursuant to Federal Rule of Civil Procedure 42(b), Plaintiff and Defendants hereby move for bifurcation of the trial of this matter into two phases: Phase I, involving presentation of evidence to the jury and the Court related to Plaintiff's securities fraud claim (Count 3), common law claims (Counts 4 and 6), and so much of the relevant ERISA evidence (Counts 1-2) as overlaps with the Count 3, 4, and 6 evidence; and Phase II, involving a bench trial related solely to Plaintiff's ERISA claims (Counts 1-2). This procedure will minimize jury confusion, maximize efficiency, and prevent unfair prejudice to Defendants (most of whom are not a party to Plaintiff's Count 3 federal securities law claims and Counts 4 and 6 common law claims) by reserving for later presentation to the Court the highly technical and detailed evidence related exclusively to Plaintiff's ERISA claims.

## BACKGROUND

    Plaintiff's Amended Complaint [D.E. 36] ("Complaint") asserts five causes of action: Count 1 for breach of fiduciary duty under ERISA § 404(a)(1)(A) and (B); Count 2 for breach of co-fiduciary duty under ERISA § 405(a); Count 3 for securities fraud under 15 U.S.C. §§ 78j and 78t and Rule 10b-5; Count 4 for common law breach of fiduciary duty and Count 6 for fraud and civil conspiracy (collectively, the "non-ERISA claims").[1] Although Plaintiff's non-ERISA claims against Charles Stiefel and the Company is triable by a jury, Plaintiff has no right to a

---

[1]    Count 5 was dismissed on June 8, 2012. [D.E. 35].

jury trial for his ERISA claims against Steve Karasick, Matt Pattullo, Michael Cornelius, Charles Stiefel, Brent Stiefel, or Todd Stiefel.

While there is some limited overlap in the allegations, defenses, and evidence that will be presented among the five counts, a significant portion of the allegations, and hence the evidence at trial, is exclusive to the ERISA claims.  For example, and as set forth above, most of the individual defendants in this case only have ERISA claims asserted against them.  Given the highly technical nature of the ERISA evidence, and the number of ERISA claims and theories which do not overlap with the non-ERISA claims, a number of witnesses and documents will be presented solely during the Phase II part of the trial.  In particular, in Phase II of the case, the Parties expect to offer testimony and documentary evidence regarding the ESBP Trustee's selection of the stock valuator to appraise the SLI common stock held by the ESBP; the qualifications of the stock valuator; and whether the Trustee could have or should have ordered interim valuations between the March 31 annual valuation dates called for by the Plan. Accordingly, there are a number witnesses and exhibits that are relevant to the Phase II bench trial but which are not relevant to any issue properly before the jury in Phase I.

The trial plan described above can most efficiently take advantage of any overlapping evidence while avoiding the confusion that would result from introducing highly technical and irrelevant evidence related only to ERISA claims (which may be subject to a different standard of review) before the jury.  In Phase I, the parties would present evidence to the jury related to the non-ERISA claims. During this Phase, the Court would hear the evidence insofar as it relates to the ERISA claims (Counts 1-2) that will later be decided by the Court.  After the presentation of the non-ERISA evidence to the jury has been completed for the non-ERISA claims, Phase II would involve the presentation of any remaining evidence related to the ERISA claims to the Court in a bench trial.  This trial plan maximizes efficiency while taking advantage of the unique roles of the Court and jury.

## MEMORANDUM OF LAW

**I.    RULE 42(b) CONFERS BROAD DISCRETION ON THE COURT TO MANAGE TRIAL OF DISCRETE ISSUES**

Rule 42(b) permits the Court to order separate trials on distinct issues arising in a single case. Fed. R. Civ. P. 42(b) ("For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims."). Rule 42(b) "confers broad discretion on the district court

in this area, permitting bifurcation merely 'in furtherance of convenience.' That is not a high standard." *Harrington v. Cleburne Cty. Bd. of Educ.*, 251 F.3d 935, 938 (11th Cir. 2001); *Medtronic Xomed, Inc. v. Gyrs Ent LLC*, 440 F. Supp. 2d 1333, 1334 (M.D. Fla. 2006) ("'Under Rule 42(b), a district court has broad discretion in separating issues and claims for trial as part of its wide discretion in trial management.'") (quoting *Gardco Mfg., Inc. v. Herst Lighting Co.*, 820 F.2d 1209, 1212 (Fed. Cir. 1987)). Courts in the Eleventh Circuit consider a number of factors in deciding whether to bifurcate issues under Rule 42(b):

> In addition to the more general factors set forth in Rule 42(b); i.e., (1) convenience; (2) prejudice; (3) expedition; and (4) economy; a court reviewing a motion for separate trials may properly consider (5) whether the issues sought to be tried separately are significantly different; (6) whether they are triable by jury or the court; (7) whether discovery has been directed to a single trial of all issues; (8) whether the evidence required for each issue is substantially different; (9) whether one party would gain some unfair advantage from separate trials; (10) whether a single trial of all issues would create the potential for jury bias or confusion; and (11) whether bifurcation would enhance or reduce the possibility of pretrial settlement.

*Kimberly-Clark Corp. v. James River Corp. of Va.*, 131 F.R.D. 607, 608-609 (N.D. Ga. 1989). Although "[o]nly one of the criteria need be met to justify bifurcation," *In re Epixtar Corp.*, No. 05-42040-BKC-AJC, 2009 Bankr. LEXIS 2271 (Bankr. S.D. Fla. Aug. 13, 2009), many of these factors are present here and weigh in favor of the proposed bifurcated trial plan.

## II. SEPARATING THE TRIAL OF THE NON-ERISA CLAIMS AND THE ERISA CLAIMS WILL AVOID JURY CONFUSION AND PREJUDICE

### A. The Jury Would Be Confused By Hearing Evidence Relevant Only To Plaintiff's ERISA Claims While Deciding Plaintiff's Non-ERISA Claims

As noted above, the avoidance of jury confusion and prejudice is a legitimate reason to separate the trial of distinct issues. *See Kimberly-Clark*, 131 F.R.D. at 608-09 (courts should consider "whether a single trial of all issues would create the potential for jury bias or confusion"); *Medtronic Xomed*, 440 F. Supp. 2d at 1337 (granting bifurcation where "one trial on all issues could well perplex the jury") (citation omitted). First, the jury would likely be confused by evidence and argument related to Plaintiff's ERISA breach of fiduciary duty claims that are unconnected to the purchase or sale of a security, and therefore irrelevant to Plaintiff's securities fraud claim (*e.g.*, Plaintiff's claims related to interim valuation, selection of the stock valuator, qualifications of the stock valuator, etc.). Second, to the extent the Court determines a deferential standard of review applies to any of the ERISA claims, the jury is ill-equipped to

3

apply an arbitrary and capricious standard of review and would likely be confused by the differing review standards.

        **1.     Evidence Related To Plaintiff's Count 1 And 2 ERISA Claims Unconnected To The Purchase Or Sale Of A Security Is Unrelated To Plaintiff's Non-ERISA Claims**

Plaintiff bases his ERISA breach of fiduciary duty and co-fiduciary duty claims on a number of actions taken by Defendants with regard to administration and day-to-day operation of the ESBP, including (a) retaining Terence Bogush of Bogush & Grady CPAs LLP to conduct the annual valuations of the ESBP stock; (b) allegedly failing to disclose certain information to Bogush, and (c) failing to cause an interim valuation of the stock held by the ESBP to be conducted. These allegations do not overlap with Plaintiff's non-ERISA claims. The jury would be unnecessarily confused and the Phase I trial lengthened if evidence related to Plaintiff's ERISA allegations were presented at the same time as evidence related to Plaintiff's securities fraud allegations and allegations related to his other non-ERISA claims.

        **2.     The Potentially Different Standards Of Review Warrant Bifurcation**

Bifurcation is also warranted for the separate reason that the Court must decide what standard of review applies to the ERISA breach of fiduciary duty and co-fiduciary duty claims. The appropriate standard of review is a matter for the Court to decide.[2] *See Blake v. Unionmutual Stock Life Ins. Co. of Am.*, 906 F.2d 1525, 1526 (11th Cir. 1990) ("this Circuit has held that plaintiffs are not entitled to a jury trial under ERISA when the issue is whether it was arbitrary or capricious for benefits to be denied"); *Nat'l Sec. Sys., Inc. v. Iola*, 700 F.3d 65, 79, 109 (3d Cir. 2012) ("commend[ing] the District Court on its exemplary handling of this difficult matter" where court "bifurcated those claims that would be decided by a jury . . . and those that would be decided by the court in a bench trial (the ERISA claims)"); *Young v. Verizon's Bell*

---

[2]     Defendants contend that a different standard of review applies to the ERISA breach of fiduciary duty and co-fiduciary duty claims (Counts 1-2) than applies to the non-ERISA claims asserted in this case. Defendants have argued that discretionary actions and decisions made by ERISA fiduciaries are evaluated under a deferential, "arbitrary and capricious" standard of review. Although Plaintiff does not agree with Defendants' position, he agrees that the issue of the proper standard of review is one for the Court to resolve. Either way, allowing the jury to hear evidence that is not necessary for the Phase I jury trial, and which might be subject to a different standard of review, risks unnecessarily confusing the jury, wasting time and judicial resources, and prejudicing one or both sides.

4

*Atlantic Cash Balance Plan*, 615 F.3d 808 (7th Cir. 2010) (affirming district court that bifurcated trial where different standards of review under ERISA were implicated).

### III. THE PROPOSED TRIAL PLAN MAXIMIZES JUDICIAL EFFICIENCY AND MINIMIZES DUPLICATION OF EVIDENCE

In addition to minimizing the risks of confusion and prejudice, the Parties' trial proposal maximizes judicial efficiency and minimizes the duplication of evidence, and is far less burdensome than the completely separate trials authorized by Rule 42(b).[3] *See* Fed. R. Civ. P. 42(b) (authorizing separate trials for convenience, economy, or expediency); *Brown v. Toscano*, 630 F. Supp. 2d 1342, 1352 (S.D. Fla. 2008) (declining to order separate trials but "leav[ing] open the question of whether the trial should be conducted in stages or whether it will be necessary to require that evidence be heard in a particular order"). Any evidence that is relevant to <u>both</u> the non-ERISA claims <u>and</u> the ERISA claims will be heard by the Court and the jury during Phase I, achieving efficiency for the parties, the Court, and the jury. Any evidence that is <u>not</u> related to the securities fraud claims will be reserved and heard by the Court alone in a very focused and much shorter Phase II trial. Thus, no evidence will be duplicated. This weighs heavily in favor of granting the requested bifurcation. *See* Fed. R. Evid. 611(a) ("The court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to . . . avoid needless consumption of time . . ."); *Cincinnati Ins. Co. v. Belkin Corp.*, No. 07-0615-WS-C, 2008 U.S. Dist. LEXIS 92858, *24 (S.D. Ala. Nov. 14, 2008) (noting that "'bifurcation under Rule 42(b) is appropriate where claims are factually interlinked'") (quoting *Gaffney v. Riverboat Servs. of Indiana, Inc.*, 451 F.3d 424, 442 (7th Cir. 2006)).

### CONCLUSION

For the foregoing reasons, the Parties respectfully request that this Court to bifurcate the trial of this matter as set forth above.

---

[3] It is also more efficient than severing those defendants (Karasick, Pattullo, Cornelius, Brent Stiefel, and Todd Stiefel) against whom only ERISA claims have been asserted. Fed. R. Civ. P. 21.

By: /s/ Norman Segall
Norman Segall
Florida Bar No. 158302
E-Mail: nss@segallgordich.com
SEGALL GORDICH, P.A.
801 Brickell Avenue, Suite 900
Miami, Florida 33131
Telephone: (305) 755-9430
Facsimile: (305) 438-7438

*Co-Counsel for Plaintiff*

s/ Stephen L. Wright
Stephen L. Wright, Esq.*
E-mail: swright@taylorenglish.com
TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Suite 400
Atlanta, Georgia 30339
Telephone: 678.336.7262
Fax: 770.434.7376

* Admitted *pro hac vice*

*Co-Counsel for Plaintiff*

/s/ David A. Coulson
Hilarie Bass
Florida Bar No. 334243
E-Mail: bassh@gtlaw.com
David A. Coulson
Florida Bar No. 176222
E-Mail: coulsond@gtlaw.com
Lindsey C. Edelmann
Florida Bar No. 084138
E-Mail: edelmannl@gtlaw.com
GREENBERG TRAURIG, P.A.
333 S.E. 2nd Ave., Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

  I hereby certify that on April 15, 2013, I electronically filed the foregoing with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on the counsel of record identified below via transmission of Notices of Electronic Filing generated by CM/ECF.

Norman Segall<br>
SEGALL GORDICH, P.A.<br>
801 Brickell Avenue, Suite 800<br>
Miami, Florida  33131<br>
<br>
Stephen L. Wright, Esq.<br>
TAYLOR ENGLISH DUMA LLP<br>
1600 Parkwood Circle, Suite 400<br>
Atlanta, Georgia 30339

                /s/ David A. Coulson  
                David A. Coulson