## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

CASE NO. 11-20853-CIV-KING

RICHARD I. FRIED,

     Plaintiff,

v.

STIEFEL LABORATORIES, INC., *et al.*,

     Defendants.

_____/

## ORDER DENYING MOTIONS FOR PARTIAL SUMMARY JUDGMENT

**THIS MATTER** comes before the Court on Defendants' and Plaintiff's Motions for Partial Summary Judgment (DE 47 and 61, respectively), both of which were filed on April 15, 2013.[1]

Defendants argue that summary judgment is appropriate as to any ERISA claims related to the Employee Stock Benefit Plan ("ESBP") Trustees' retention of Mr. Bogush to perform annual appraisals,[2] and that summary judgment is additionally appropriate as to Counts III, IV, and VI of Plaintiff's Amended Complaint (DE 36).[3] On August 9,

---

[1] The Court has been fully briefed as to all Motions; Responses and Replies were filed as to each. (DE 72, 81, 93, and 98).

[2] The Court declines to address Defendants' argument for summary judgment as to the ERISA claims at this time pursuant to the Order Granting Joint Motion for Bifurcated Trial (DE 105), in which the Court agreed to bifurcation of the trial into two phases, the first of which addresses only Counts III, IV, and VI. Defendants may re-raise this issue at a later time.

[3] Count III alleges violations of 17 C.F.R. §240.10b-5; Count IV alleges breach of fiduciary duty; and Count VI alleges fraud and civil conspiracy. (DE 36 at 33, 39, and 43).

2013, the parties filed their Joint Pre-Trial Stipulation (DE #109).[4] It would be inappropriate for this Court to enter summary judgment where, as here, the parties have stipulated to the existence of disputed issues of fact related to Counts III, IV, and VI. (*See* DE 109 at 8-10). Upon consideration, Defendants' requested relief is denied.

Plaintiff argues that summary judgment is appropriate as to Count III of the Amended Complaint, but, in the alternative, requests that the Court find, under the doctrine of collateral estoppel, that Defendants should be precluded from re-litigating the issues of materiality and scienter with respect to the securities fraud claim (Count III). Upon consideration, the Plaintiff's requested relief is denied as to summary judgment. However, as the purpose of Pre-Trial Conferences includes simplification of issues of fact, formulation of issues to be litigated, and expediting of litigation, the Court shall consider Plaintiff's alternative requested relief, issue preclusion as to materiality and scienter, at the Pre-Trial Conference scheduled for August 29, 2013.

Accordingly, after careful consideration and the Court being otherwise fully advised, it is therefore **ORDERED, ADJUDGED,** and **DECREED** that:

1. Defendants' Motion for Partial Summary Judgment **(DE 47)** be, and the same is, hereby **DENIED.**

2. Plaintiff's Motion for Partial Summary Judgment **(DE 61)** be, and the same is, hereby **DENIED.**

---

[4] The parties are bound by their stipulations. *See G.I.C. Corp. v. United States*, 121 F.3d 1447, 1450 (11th Cir. 1997).

3.  At the Pre-Trial Conference scheduled for August 29, 2013, the Court shall

consider Plaintiff's alternative requested relief concerning issue preclusion as

to the elements of materiality and scienter with respect to the securities fraud

claim.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal

Justice Building and United States Courthouse, Miami, Florida, this 23rd day of August,

2013.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

**Cc: All Counsel of Record**